DILLON, Judge, concurring.
*346 Our jurisprudence compels us to view the evidence in the light most favorable to Defendant in determining whether to give the requested instruction. And in viewing the evidence in such light, we are to determine only whether it is possible that at least one juror would have concluded that Defendant acted out of necessity or duress.
The trial court based its decision not to instruct the jury on necessity/duress on its conclusion that, though Defendant's wife testified that she was in fear, there was no evidence that Defendant, himself, acted out of fear. Regarding this decision, I agree with the majority that there was enough evidence from which a juror could have concluded that *706 Defendant was in fear. True, no one specifically testified that (s)he thought Defendant was in fear. However, there was evidence that Defendant had just punched a man; the man pulled a gun; in response, Defendant immediately exclaimed to his wife to "go, go, go, go, go;" and Defendant sped away in the golf cart. From this evidence, I conclude that at least one juror could have reasonably found that Defendant acted out of fear. I note the other evidence which strongly suggests that Defendant was not in fear; however, it is not our job to weigh the evidence.
I do find some merit in the State's argument that driving the golf cart in the direction of and then past the gunman to escape was not the only acceptable means of escape, but that Defendant and his wife could have simply run in the other direction. However, the evidence also showed that Defendant's wife was not a strong runner, that they both had been drinking, and that the gunman was much younger (around 30 years old) than Defendant (who was 43). Based on this evidence, I must again conclude that it is reasonably possible that a juror could have concluded that Defendant reasonably determined that running was not a reasonable alternative to driving the golf cart in their quest to reach a safe location.
In conclusion, I agree with the majority's determination that the trial court should have given the requested instruction and that its failure to do so warrants a new trial.